**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2999
_____

PATRICIA FRITZ,
Appellant

v.

COUNTY OF WESTMORELAND; SHERIFFS DEPARTMENT OF
WESTMORELAND COUNTY; SHERIFF JONATHAN HELD, in his individual and
representative capacity; CHARLES ANDERSON, in his individual and representative
capacity; GINA CERILLI, in her individual and representative capacity; TED KOPAS, in
his individual and representative capacity; DAVID REGOLI, in his individual and
representative capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-19-cv-01517)
District Judge: Honorable William S. Stickman, IV
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 27, 2023

Before: HARDIMAN, FREEMAN, and MONTGOMERY-REEVES, *Circuit Judges*.

(Opinion filed: February 27, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

MONTGOMERY-REEVES, *Circuit Judge.*

In May 2014, Sheriff Jonathan Held appointed Patricia Fritz to serve as chief deputy sheriff for Westmoreland County (the "County"). After several issues in the Sheriff's Office and with Fritz specifically, the County Commissioners fired Fritz.

After her termination, Fritz sued the County, Held, the Sheriff's Office, County Commissioner Charles Anderson, County Commissioner Ted Kopas, County Commissioner Gina Cerilli, and Westmoreland County Assistant Solicitor David Regoli (collectively, "Appellees"). Fritz alleged, among other things, that Appellees discriminated against her based on her political beliefs, in violation of the First Amendment; discriminated against her on the basis of her sex, in violation of state and federal law; and retaliated against her for complaining about illegal discrimination, in violation of state and federal law.

The District Court ruled against Fritz on each of these claims. Because we agree with the District Court that Fritz failed to allege causation and that she failed to show that reconsideration was warranted, we will affirm the District Court's dismissal of Fritz's First Amendment claim and denial of her motion for reconsideration on that claim. We also will affirm the District Court's disposition of the remaining claims because, even assuming Fritz established a prima facie case, Appellees provided a legitimate reason for her termination, which Fritz has not shown was pretextual.

## I.  BACKGROUND[1]

From 2014 to 2018, Fritz served as the County's chief deputy sheriff.  There was friction throughout Fritz's tenure, but tensions reached a boiling point in 2018.  First, in early 2018, three different people threatened to sue the County and the Sheriff's Office for engaging in racial discrimination, including specific allegations against Fritz.  Among other things, they alleged that Fritz did not want a Black woman hired because she had worked with Black individuals previously and found that they "were nothing but trouble."  J.A. 1204.  Then, in August 2018, Fritz had a physical altercation with a subordinate deputy sheriff.  After the altercation, Held suspended Fritz with pay.  The County hired an attorney to perform an independent investigation.  The attorney concluded that Fritz's conduct during the altercation was unacceptable and recommended that the County terminate Fritz.  Separately, the district attorney's office criminally charged Fritz with summary harassment, for which she was convicted.[2]

Held was the only person with the statutory authority to terminate Fritz.  But Held believed that he had a conflict of interest in deciding whether to terminate Fritz because he "was a witness . . . in the criminal case."  J.A. 805–06.  Thus, Held delegated his authority to the County Commissioners, who terminated Fritz on October 25, 2018.  In a

---

[1]  We write for the benefit of the parties and recite only essential facts.

[2]  Ultimately, Fritz's conviction was overturned on appeal on August 22, 2019.  During this time, Fritz also filed or amended several EEOC complaints against Appellees.

letter, the County stated that it decided to terminate Fritz for several reasons, including

that:

- "On August 7, 2018, it is alleged that you yelled at, pushed, and poked an employee following a meeting[,] . . . . that you blocked the employee from leaving the room[, and] that you then yelled at and followed the employee through public areas." J.A. 1083.

- "On August 22, 2018, you were charged with a citation for harassment." *Id.*

- "On October 2, 2018, you were found guilty of a summary harassment charge stemming from this incident." *Id.*

- "Our investigation concluded that your behavior constituted a violation of the Westmoreland County Workplace Violence Policy and the Westmoreland County Code of Ethics." *Id.*

- "[T]he behavior and charge of harassment is a violation of the Westmoreland County Sheriffs Policy Manual in regards to Article V, Section 2 and Section 4." *Id.*

- "[T]he County is aware of allegations of racial discrimination made by several former County employees. These concerns relate to a pattern of racial discrimination in hiring." *Id.*

Fritz sued Appellees. Relevant to this appeal, Fritz alleged violations of her First Amendment right to political affiliation against the County, Cerilli, Kopas, and Regoli in violation of 42 U.S.C. § 1983 (Count VII), and she alleged sex discrimination and retaliation in violation of Pennsylvania and federal law against Appellees (Counts I, II, VI, VIII).[3]

---

[3] Fritz did not appeal the District Court's dismissal of the individual or official capacity § 1983 claims (Counts VI and VII) or the dismissal of the claims that she brought under the Pennsylvania Human Relations Act against appellees Anderson, Cerilli, Kopas, and Regoli. Likewise, Fritz does not appeal the District Court's summary judgment in favor

The District Court dismissed Fritz's First Amendment claim and allowed the other claims to proceed to discovery. Fritz filed a motion for reconsideration based on deposition testimony that she claimed constituted newly discovered evidence. The District Court denied her motion.

At the close of discovery, Appellees moved for summary judgment on each of Fritz's remaining claims, including her sex-discrimination and retaliation claims. The District Court granted Appellees' motion for summary judgment. Fritz appealed.

## II. DISCUSSION[4]

On appeal, Fritz challenges three rulings: (1) the District Court's order dismissing her First Amendment claim (Count VII); (2) the District Court's order denying her motion for reconsideration on her First Amendment claim; and (3) the District Court's order granting summary judgment on her sex-discrimination and retaliation claims (Counts I, II, VI, VIII). We address each challenge below.

---

of Appellees on her age discrimination claims (Count III, Count VIII, in part) and Equal Pay Act claims (Counts IV and V). Thus, we do not discuss those claims further.

[4] The District Court had jurisdiction over this case under 28 U.S.C. § 1331. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review of the District Court's rulings on Appellees' motion to dismiss and motion for summary judgment. *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 139–40 (3d Cir. 2023); *Nitkin v. Main Line Health*, 67 F.4th 565, 570 n.2 (3d Cir. 2023). We review the District Court's denial of Fritz's motion for reconsideration under the abuse-of-discretion standard. *United States v. Shoemaker Constr. Co.*, 55 F.4th 188, 193 (3d Cir. 2022) (citing *B.C. v. Att'y Gen.*, 12 F.4th 306, 313 (3d Cir. 2021)).

### A. Fritz's First Amendment Claim

Fritz asserts that the District Court erred in dismissing her First Amendment claim because she plausibly alleged that Appellees terminated her for her political affiliation. To state a prima facie First Amendment discrimination claim, "[a plaintiff] must [allege] that (1) she was employed at a public agency in a position that does not require political affiliation, (2) she was engaged in constitutionally protected conduct, and (3) this conduct was a substantial or motivating factor in the government's employment decision." *Galli v. N.J. Meadowlands Comm'n*, 490 F.3d 265, 271 (3d Cir. 2007) (citing *Stephens v. Kerrigan*, 122 F.3d 171, 176 (3d Cir. 1997)). For the third element, a plaintiff must allege that her employer knew of her political affiliation and that she was fired as a result. *Id*. at 275 (citing *Stephens*, 122 F.3d at 177). That is, to establish that protected conduct was a substantial or motivating factor in an adverse employment decision, a plaintiff must allege sufficient facts to demonstrate that the employer knew of the plaintiff's political affiliation and that this knowledge caused the adverse employment decision. *See id*. at 271.

When ruling on a motion to dismiss, a court must accept as true all well-pleaded facts and allegations and must draw all reasonable inferences in favor of the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). But a court need not credit bald assertions, legal conclusions, or unreasonable inferences. *See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 133 (3d Cir. 2006); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906

6

(3d Cir. 1997). Likewise, "[a] complaint that pleads facts merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (cleaned up). Allegations that "paraphrase in one way or another" the third element of Fritz's First Amendment claim are not enough. *Connelly*, 809 F.3d at 790. Instead, Fritz must plausibly "plead[] *factual content* that allows the court to draw the reasonable inference that [Appellees]" fired Fritz because of her political affiliation with the Republican Party. *Iqbal*, 556 U.S. at 678 (emphasis added); *see Galli*, 490 F.3d at 271.[5]

Fritz has failed to plausibly allege a First Amendment retaliation claim because her allegations as to the third element—causation—are conclusory and speculative. For example, Fritz pleaded that "it is believed" appellees Kopas, Cerilli, and Regoli, "who were of the political opposition, sought her removal so that she could not assume the role of Sheriff even on an interim basis." App. 189. But Fritz offers no factual averments or information to support her "belief" that the County Commissioners were acting based on their or Fritz's political affiliation. And Fritz pleaded that Appellees "abused their positions of authority in the County to advance their own political agenda to the detriment of Chief Fritz creating a deprivation of her rights under the First Amendment." App. 190. In the complaint, however, Fritz does not explain how, when, or who abused their position of authority to deprive Fritz of her First Amendment rights. Likewise, Fritz

---

[5] Because we resolve this claim on causation, we express no view on whether Fritz plausibly alleged that she participated in constitutionally protected conduct by registering as a Republican.

alleges that Appellees' "politically-motivated actions are evidenced by their conduct toward her throughout her employment and direct actions evidencing both intent and conduct aimed at undermining and removing political opponents, including Chief Fritz." App. 191. Here, again, Fritz does not explain what these politically-motivated and direct actions are or any other details supporting her claim.

Allegations based on nothing more than Fritz's belief, without factual details showing that Fritz was fired because of her political affiliation "resemble[] a formulaic recitation of the [third] element[]" of her First Amendment claim and are "so threadbare or speculative that they fail to cross the line between the conclusory and the factual." *Connelly*, 809 F.3d at 789–90 (cleaned up). These allegations are the sort of "conclusory or 'bare-bones' allegations [that] will no[t] [] survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

### B. Fritz's Motion for Reconsideration

Fritz also argues that the District Court abused its discretion by denying her motion, under Federal Rule of Civil Procedure 54(b), to reconsider the dismissal of her First Amendment claim. While "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance . . . as a rule courts should be loath[] to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)); *see also Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) ("The purpose of a motion

8

for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." (cleaned up)).

In her motion for reconsideration, Fritz challenges the dismissal of her First Amendment claim. Fritz relies on new evidence to show that she stated a First Amendment claim and her allegations that she was fired because of her political affiliation are plausible. Specifically, to demonstrate that Appellees fired Fritz because she was a Republican, Fritz points to the Commissioners' deposition testimony. This testimony plausibly shows that the Commissioners were frustrated with the Sheriff's Office. But it does not plausibly demonstrate that the frustration was political. Moreover, the testimony does not support Fritz's theory that the Commissioners sought her removal so that they could remove Held and replace him with a Democrat. To the contrary, the deposition testimony Fritz cites shows that at least one defendant believed that Held would have to be replaced with another Republican, like Fritz. Thus, Fritz failed to show that the dismissal of her First Amendment claim was clearly erroneous or would result in manifest injustice. Accordingly, the District Court did not abuse its discretion by denying Fritz's motion for reconsideration.

## C.     The Sex-Discrimination and Retaliation Claims

Fritz argues that the District Court erred by granting Appellees' summary judgment on her discrimination and retaliation claims because the record reveals genuine disputes of material fact about whether Appellees terminated Fritz because she was a woman who objected to sexual discrimination. The *McDonnell Douglas* three-step burden-shifting framework applies to sex discrimination and retaliation claims, like

Fritz's, that are brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17 ("Title VII"), the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. §§ 951–63 ("PHRA"), and 42 U.S.C. § 1983 ("§ 1983"). *See Atkinson v. Lafayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (applying the *McDonnell Douglas* framework to Title VII and PHRA sex discrimination claims); *Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 426 (3d Cir. 2020) (explaining that § 1983 sex-based discrimination claims are analyzed under the *McDonnell Douglas* framework applicable in Title VII cases); *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017) (applying the *McDonnell Douglas* framework to retaliation claims).

Under this framework, the plaintiff bears the initial burden to establish a prima facie claim of discrimination or retaliation. *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013) (citing *Scheidemantle v. Slippery Rock Univ. Stat. Sys. of Higher Educ.*, 470 F.3d 535, 539 (3d Cir. 2006)). If the plaintiff states a prima facie claim, the burden of production shifts to the employer to supply a legitimate, nondiscriminatory reason for its action. *Id.* If the employer provides a legitimate, nondiscriminatory reason for its action, the burden of production then shifts back to the plaintiff to show that the employer's proffered justification is merely a pretext for discrimination. *Id.* (citing *Fuentes v. Perskie*, 32 F.3d 759, 764–65 (3d Cir. 1994)).

The parties dispute whether Fritz has established a prima facie claim of discrimination or retaliation. We need not resolve this dispute, however, because assuming, without deciding, that Fritz has established a prima facie claim, Appellees

10

have carried their burden to offer at least two legitimate justifications for terminating Fritz: (1) Fritz's August 7, 2018, altercation with a subordinate sheriff's deputy, which violated official workplace policies and resulted in the district attorney's office bringing criminal charges against Fritz; and (2) the allegations against Fritz of racial discrimination in hiring decisions. Thus, the burden shifts back to Fritz to show that those justifications are pretext for discrimination.

To show pretext absent direct evidence of discrimination, "[Fritz] must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve [Appellees'] articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [Appellees'] action." *Id.* at 427 (quoting *Fuentes*, 32 F.3d at 764). Fritz cannot carry this burden by "simply show[ing] that [Appellees'] decision was wrong or mistaken[.]" *Fuentes*, 32 F.3d at 765. Instead, Fritz must point to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in [Appellees'] proffered legitimate reasons for [their] action such that a reasonable factfinder could rationally find them 'unworthy of credence,'" leading to the inference that the proffered reason was not the actual motivation for Appellees' action. *Id.* at 764–65 (cleaned up); *see also Kautz v. Met-Pro Corp.*, 412 F.3d 463, 467 (3d Cir. 2005) (explaining that a plaintiff must point to evidence that "allow[s] a factfinder reasonably to infer that . . . [Appellees'] proffered [legitimate] reasons . . . w[ere] either a *post hoc* fabrication or otherwise did not actually motivate the employment action." (quoting *Fuentes*, 32 F.3d at 764)).

To show pretext, Fritz first points to purportedly inconsistent deposition testimony

11

about the reasons for her termination. The deposition testimony largely provides that the individuals could not recall specifically all the reasons for Fritz's termination. But even four years later, Appellees consistently recalled one of the same reasons given in the termination letter, the August 2018 altercation, undercutting her asserting of pretext. Likewise, the County Commissioners consistently relied on the allegations of her racism when deciding to terminate her. Finally, and most importantly, Fritz does not appear to dispute many of the assertions stated in the termination letter—such as that she was involved in an altercation with a subordinate deputy sheriff, that the altercation resulted in a criminal charge, and that she violated relevant workplace codes of conduct.[6]

Second, Fritz argues that the Commissioners' decision to ban her from the

---

[6] It is not determinative that Appellees' assessment of the altercation may have been incorrect because the issue is not whether Appellees were "wrong or mistaken" but whether the reason was pretext for illegal discrimination or retaliation. *Fuentes*, 32 F.3d at 765. Absent direct evidence of discrimination, Fritz must point to facts in the record such that "a reasonable factfinder *could* rationally find [Appellees' proffered legitimate] reason [is] 'unworthy of credence.'" *Id.*; *see also Brewer v. Quaker State Oil Refin. Co.*, 72 F.3d 326, 331 (3d Cir. 1995) ("To discredit the employer's proffered reason, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether a discriminatory animus motivated the employer." (cleaned up)). Fritz has failed to meet this burden, especially when considering that two independent sources—the internal investigation by an outside attorney and the district attorney's office by virtue of bringing charges—also determined that Fritz's conduct during the altercation was, at the very least, unacceptable.

Similarly, Fritz's eventual acquittal does not undermine Appellees' reliance on the incident in deciding to terminate her for three reasons. First, Fritz does not appear to contest that the altercation happened or that it violated County policy. Second, and similarly, as Commissioner Kopas explained Fritz did not "need to be convicted for actions to be inappropriate and in violation of County policy." J.A. 974. And third, at the time the County relied on the conviction, it was valid, and Fritz does not argue that Appellees were not permitted to rely on it.

property shows pretext because a male corporal was not banned from the property during his suspension and because her ban was issued months after she was the subject of certain discrimination complaints. These arguments fail because there is unrebutted evidence that the male corporal was banned from County property during his suspension, and that the County bans employees from its property when they are suspended (not merely when they are the subject of complaints).

Third and finally, Fritz contends that Held's deposition testimony demonstrates pretext because "Regoli told Sheriff Held that if he fired [Fritz], the lawsuits [alleging racial discrimination] would not be filed." Opening Br. 50 (citing J.A. 775–76). But the cited deposition testimony does not mention Regoli, the word lawsuit, or discuss Fritz's possible termination. Instead, the entire cited testimony discusses Sheriff Held's attempts to secure a raise for Fritz. This appears to relate to Fritz's Equal Pay Act claim, which is not before us. *See supra* n.2. Thus, it is unclear how this testimony supports any argument of pretext. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 800 (3d Cir. 2003) (explaining that "[a]bsent countervailing proof, . . . [a plaintiff's] personal view of [her] employer's explanation . . . falls far short of establishing pretext." (citing *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 414 (3d Cir. 1999))).

Accordingly, the District Court did not err by granting summary judgment for Appellees on the sex-discrimination and retaliation claims, because Fritz has failed to show that she carried her burden, under step three of the *McDonnell Douglas* burden-shifting framework, to adduce evidence of pretext.

13

**III. CONCLUSION**

For the reasons discussed above, we will affirm the District Court's judgment.